By the Court, Robertson, Ch. J.
The objection made in this case, on behalf of the defendants, that however novel, out of place, irregular, or unsupported by any prior allegations, a requisition on the plaintiffs to discover all the contents of their books relating to certain entries therein, or their views of the nature, character and purpose of such entries, contained in an order for a mere bill of particulars *700 maybe, it must be enforced, unless appealed from, is purely technical and must be treated as such. Assuming such doctrine to be law, and that a court cannot refuse to enforce an order once made by it however frivolous, or however useless or impossible a compliance with it may bo, notwithstanding the maxim “lex non cogit ad vana aut impossibilia,” the defendants are not entitled to its benefit in this case. The first order for a bill of particulars not only, pursuant to the order on which it granted requires one to be furnished of the claim of the plaintiffs, but also as additional relief, that it should show the nature, character and purpose of certain entries in the ledger of the plaintiffs. The second abandons all further demand for the particulars of the claim of the plaintiffs or of any charges alleged to be omited from their books, and is confined to requiring that the nature, character and purpose of certain items in a bill of particulars rendered in consequence of the first order, and relating entirely to credits in such ledger to the defendant Biglow, should be shown in an additional “bill of particulars ” as it is called. The exigency of such second order of course cannot be extended beyond that of the first. Both are confined to entries and items of false representations, as they are claimed to be, and not to those of any actual transactions. Of course neither can require the plaintiffs, besides giving the particulars of what they claim to he false representations, which form the basis of their action, to state bill of particulars extrinsic facts bearing on their nature, in a character or purpose. The assumption, that the entries in the ledger of the plaintiffs, by which they allege themselves to have been deceived, must have been founded on prior entries in a day book or journal, specifying the details of some transactions, out of which the supposed credit given to the defendant Biglow in such ledger arose,_ is entirely unwarranted. There is no .evidence before us of even the existence of such books, much less of any entries in them; nor can any presumption be raised from the pleadings, that the plaintiffs know any thing more of the nature, character *701 or purpose of such entries in their ledger, than they have given in their complaint and second part of their bill of particulars; and recourse must be had to some other proceeding than an order for a bill of particulars, in order to ascertain if they possess such knowledge, and compel them to disclose it. The office of such a supplemental statement as a bill of particulars, is merely to. limit the generality of a complaint, and prevent a surprise on the trial, but not to furnish evidence. I cannot understand the purpose of the entries in this case, (under the pleadings,) to be any thing else than a deception of the plaintiffs; their character to be other than a mere credit to the defendant Biglow, of a sum of money not due to him, without specifying.from what it arose; or their nature, to go beyond a mere entry in an account book of the plaintiff. The terms of the order are of the most general kind, and the plaintiffs have complied with it in the same way. If the defendants desire more precise details, they should have procured one more specific.
It is very true that the plaintiffs may be bound to prove on the trial, that they did not owe the defendant Biglow, the money they paid him, and which was credited to him on their books. But they are not bound to disclose how they mean to prove it, or with what transactions, or of¡ what nature, the false entries in their ledger are connected, if any such transactions are claimed by the defendants to have occurred, hi or will they be either entitled, or bound to elect on the trial whether they will treat any actual transactions as their own or Biglow’s-. The evidence introduced must alone determine whose it was, and whether its occurrence sustains the allegations of the complaint or not.
The distinction taken at special term by the court, between an action for the moneys falsely charged in the books of the plaintiffs, and one for money obtained on the faith of those charges, was therefore vital on the question of the nature of the plaintiffs’ claim, of which the defendants were *702 entitled to the particulars, and it did not deserve the term “metaphysical,” sneeringly applied to it in the points for the defendants. Nor was the suggestion by the court, that the plaintiffs had already characterized in their complaint the entries in their books as false, and stated they were intended to deceive, and thus already given their general nature, character and purpose a “ subterfuge ” as it is indecorously called in such points. Nor have I been able to discover that the material facts before this court at general term, were palpably and vitally misapprehended by it. The motion for a re-argument must therefore be denied, with costs.